IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 AUG 15 P 2:42

IN RE OMAR SHARIF ROBINSON

Petitioner,

VS.   1:05cv784.T

STATE OF ALABAMA,

Respondents'

==================================================================

==================================================================

==========================================

PETITION FOR WRIT OF MANDAMUS

PRO SE PETITIONER
Omar Sharif Robinson
28779 Nick Davis Road
Harvest, Alabama 35749

## TABLE OF CONTENTS

| C O N T E N T S: | P A G E S |
|---|---|
| Petition for Writ of Mandamus | 1 – 9 |
| Jurisdiction | 1 – 2 |
| Prayer for relief | 3 |
| Statement of Issue | 4 |
| Statement of Facts | 5 |
| Reason Why Writ Should Issue | 6 – 7 |
| Statement of Claims Relied upon for Relief | 8 – 9 |

i

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re **Omar Sharif Robinson**, | / |
|     Petitioner/Appellant, | / |
| | / |
| Billy Mitchem Warden et al., and The | / |
| STATE OF ALABAMA, | / |
|     Plaintiff, | /    1:05cv784-T |
|     VS. | / |
| CIRCUIT COURT JUDGE(s), | / |
| Larry K. Anderson, And | / |
| Charles W. Woodham, | / |
|     Respondent/Defendant(s). | / |
| | / |

## PETITION FOR WRIT OF MANDAMUS

Comes now, [Omar Sharif Robinson], pro se, as in the above named style and petitions' this Honorable Court for a Writ of Mandamus pursuant to Rule 21 (c) of Alabama Rules of Appellate Procedures to issue upon the Respondent Judge(s), Larry K. Anderson, or Charles W. Woodam, for the Circuit Court of Henry County, Alabama.

### JURISDICTION

The Petitioner herein is confined to the Alabama department of Correction Prison System pursuant to a a May 27th, 1997, judgement of sentencing imposed upon the Petitioner by a Henry County, Alabama circuit Court Judge, and alleges that the proceeding by the State Trial Court or that person(s) acting under color of state Law deprived the Petitioner of His Fedeeral Rights to Due Process oof the Fifth (5th), Sixth (6th), and U.S.C.A. Constitution Amendment Fourteenth (14th).

Subsequently, Petitioner seeks relief from said judgement of sentence pursuant to Rula Rule 32.1 Petition Alabama Rules of Criminal Procedures in which the trial court has fail/or otherwisw refuse to properly plead; as a result,

(I). The resOpondents for the State Trial Court ffiled a response to the Rule 32. Petition on January 14th, 2005, merely implementing a statement thus, "Statute of limitation has run on rule 32 relief ", CITED IN A CASE ACTION SUMMARY "continuation." Wherefore, the Trial Court or that person acting under color of State Law has failed to properly plead to the Petitioner's Rule 32 Petition, nevertheless a violation of Petitioner's Federal Rights to Due Process to plenary review, and this Honorable Court should exercise its authorties to protect the Petitioner's rights Art. 1, § 35, Constitution of Alabama 1901.

(a). Where the Petitioner asserts a clear legal right to the relief sought, and

(b) it is an imparative duty upon the respondents to perform, accompained by to do so.

(c). Petitioner asserts lack of another adequate remedy in a persue for relief, and

(d) if facts are proven, such would warrant mandamus relief;

Wherefore, jurisdiction is conferred by this Honorable Court under sec. 28 U.S.C.A. § 1651; cf <u>Hudson v. State of Alabama</u>, 493 F.2f 171 at 173 Id [4,6](1974),

2

PRAYER FOR RELIEF
==================

a). Accept jurisdiction of the matter hereto, and grant the trial court jurisdiction, or issue an order that the case at bar be restored to its docket for proper disposition of Petitioner's "In forma pauperis Motion that would constitute appellate jurisdiction/plenary review of the issues asserted hereto for relief, and

b). order that a hearing be conducted in respect to the claim(s) having been presented asserting a Constitutional violation of His Rights in the petition for post-conviction relief where having failed to properly plead in its prior disposition to the issues of allegations.

c). That upon consideration of a hearing on the merits, and where the facts of Petitioner's claim as to unlawful detention reveal to be true and correct that; A order be issued directing that the Petitioner's conviction or otherwise sentence be set aside, and discharged from further custody, or in the alternative "granting the Petitioner a new trial, or for such other further relief as "law and justice may require.

WHEREFORE: The premises considered.

Petitioner prays this Honorable Court grant the petition herein /or issue an orderupon the respondents demanding the respondents to show the Petitioner's detention is not in violation of Petitioner's Constitution Rights; Further, require that it be shown that the disposition on Petitioner's rule 32 petition for post-conviction relief is not in violation of the petitioner's Federal Rights to Due Process of the U.S.C.A. Const., Amend. 14th., of access to the courts.

3

## STATEMENT OF ISSUE(S)

The trial court's implimented denial of Petitioner's rule 32 petition with-out any statement specifying any such grounds nor made any ruling on Petitioner's IN FORMA PAUPERIS, and whether such failure of an adequate respond by the Respondents is in violation of petitioner Constitutional Rights to plenary review in collateral proceeding ?

## STATEMENT OF FACTS

The Petitioner is confined to the Alabama Department of Correction pursuant to a May 27th, 1997, judgement of sentencing by a Circuit Court judge of Abbeville; Henru County, Alabama.

Subsequently, the Petitioner having filed a Rule 32. Petition with the said Circuit court Clerk on January 4th, 2005, and the respondents for the trial court has fail/or otherwise refused to file a proper response in respext to the said rule 32 petition; however, the trial court having served Petitioner with a case action summary dated 1-14-05, implimenting "statute of limitation has run on rule 32 relief, and subsequently denied Petitioner's motion for reconsideration in respect to a <u>ruling on Petitioner's "INFORMA PAUPERIS" attached thereto</u>; neither, did the respondent(s) present any proper pleading to the issue(s) set out in the petition as law and justice demand, see attachment as (EXHABIT "A" which "reveal the only action by the trial court in this proceedings "which constitutes a systematic preclusion of Petitioner's due process rights to plenary review on collateral attack.

5

## REASON WHY WRIT SHOULD ISSUE

The Petitioner seeks the issuance of this writ 'under two sets circumstances:

<u>F I R S T</u>: Mandamus can be used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or compel it to exercise its authorties when it is its duty to do so. Cf <u>Kerr v. United States District Court</u>, 48 Led.2d 725 Id *

[426 US at 402] (1976). U.S.C.A. Const., Amend. @ 5

<u>S E C O N D</u>: The issues involves hereto constitutes a substantial violation of Petitioner's Due Process Rights, and are held, to be jurisdictional claim(s), and

The case at bar involves a Constitutional and Statutory Previsions of the Fifth (5th), Sixth (6th), and Eightth (8th) Amendment within the United States Constitution §§§§ U.S.C.A. Amendment Fourteenth (14th), of the Due Process Clause, "which potects an accused rights of access to the courts, and equal protection of the laws,
Accord <u>Smith v. Bennett</u>, 6 L Ed.2d 39 Id [365 US at 710](1961).,
Eg <u>Hebteselassie v. Novak</u>, 209 F. 3d 1208 at 1210-11 Id [1,2] (10th Cir. 2000).

33

6

G R O U N D S   I N   S U P P O R T

The Petitioner asserts that; Under Alabama law, **Rule 32.10 Ala.R.Crim.Proc.**, affords a remedy for post-conviction appellate review pursuant to Rule 4, Ala.R.App.Proc., "which it is evident from the records that Petitioner is indigent, where having presented said petition to the Trial Court Clerk pursuant to Rule 32.6 of Ala.R.Crim.Proc., "too constitute jurisdiction and access to the courts Accord Hebteselassie v. Novak, 209 F .3d 1208 at 1210-11 Id [1,2] (10th Cir. 2000)., Review "

[ § § § Alabama Supreme Court's holding in Ex Parte Beavers, 779 So.2d 1123 at 1124-25 Id [4,5] (Ala. 2000); sec. 12-19-70 (b).

'Therefore,where the trial court has/dind not approve the verified statement of substantial hardship, the Trial court action is void, [t]hus – because the Trial court's action was void "there is no judgement to support an appeal, at this instant, the Petitioner's contention is that the judgement is null and void, and will not support an appeal; as a result, this matter should be remanded to the trial court for proper disposition that will support plenary review review of any appeal process Petitioner may persue,. and where Petitioner has substantial supported cause for issuance of an order to show cause upon the Respondents in respect to the claim(s) asserted in the following, "which confirms a Constitutional violation of Petitioner's Rights, and other included claim(s) that rest primary on the jurisdiction of the trial court, and such failure to review the merits of Petitioner's claim(s) constitutes a denial of equal protection of law.,

Accord Smith v. Bennett, 6 L Ed.2d 39 Id *[365 US at 710] (1961).

7

## STATEMENT OF CLAIMS

(I). The Trial court fail to comply with delay notice for arraignment of requirement for intent to plead guilty, and was without jurisdiction to render any judgement in absent of the mandates of 15-15-22, Alabama Code 1975,

(2). The Petitioner was deprived of His Federal Rights to Due Process where having failed to advise the Petitioner of the existance and the right to an appeal upon plea agreem,enmt and was without jurisdiction to impose or render any judgement against the Petitioner.

(3)(a) &the indictment failed to charghe an offense where having omitted an essential "ELEMENT(S) "KNOWINGLY, and
(b) having omitted/failed to apraise Petitioner of the element(s) of the underlying offense in respect to the location of the alleged criminal act constituteing any subsequent sentence enhancement for increasing the Petitioner's sentence above the Statutory "maximum of the substantial charge deprived the Trial court or that person acting under color of State law of jurisdiction to enter any judgement of sentencing.

(4). The Petitioner asserts inadequate representation of counsel where having failed to move for dismissal of the indictment, which having omitted the name(s) of tsaid 'vendee/vendor(s) location of said offense(s) affirming that such conspired or that Petitioner sold illegal drugs within a thousand (1000) feet of a school or public housing for enhanchment purposes, and the omitted numbered counts of the indictment, and counsel's assistance fell below objective standards.

8

(5). That the quilty plea wa not voluntarily and intelligently made with understanding of the charge , as having been coercion due to threats by counsel and Trial court to impose a sentence of one -hundred and twenty years, to include such failure to advise the Petitioner of the Minimum and maximum range of correct punishment, rights to confrontation, compulsoryy self-incrimination and trial by jury, - having deprived the Trial court or that person acting under color of State law of 'jurisdiction to render any subsequent judgement or sentencing.

(6). That counsel was ineffective where having failed to object or move for dismissal of the indictment constituting the charged offense(s) as having omitted the essential elements of the charge ["KNOWINGLY, AND INTENT"], "which fail to charge an offense, and counsel'sassistance deprived Petitioner of His Federal rights to Due Process.

(7). That counsel's deprived Petitioner of His Federal Rights to due process where having refused to file a timely and adequate appeal, and that Petitioner was with-out fault of such failure.

(8). The Petitioner asserts that the sentencing constitutes excessive punishment pursuant to the conspiracy act/acts by an informant and undercover officer to cumilate multiple charges against the Defendant prior to arrest for same said violation of the law(s) constituted cumilated punishment/double jeopardy in respect to the subsequent charge(s), and the Trial court lacked jurisdiction to render any judgement of sentencing against the Defendant.

9

STATE OF ALABAMA            §

COUNTY OF LIMESTONE         §

I declare (or certify, verify or state) under the penalty of perjury that the foregoing is true and correct.

EXECUTED ON THIS THE  6TH  DAY OF AUGUST, 2005, PURSUANT TO 28 U.S.C. §1746.

*Omar Sharif Robinson*
MOVANT'S SIGNATURE
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

IN THE SUPREME COURT OF ALABAMA
May 4, 2005

1041015

Ex parte Omar Sharif Robinson. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: State of Alabama v. Omar Sharif Robinson) (Henry Circuit Court: CC96-086, 089; Criminal Appeals: CR-04-1281).

ORDER

The petition for a writ of mandamus to be directed to the Honorable Larry K. Anderson, Judge of the Circuit Court of Henry County, Alabama, having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for a writ of mandamus is denied.

Nabers, C.J., and See, Harwood, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 4th day of May, 20 05

*Robert D Esdale, Sr.*
Clerk, Supreme Court of Alabama

11

## CERTIFICATE OF SERVICE

| | |
|---|---|
| OMAR SHARIF ROBINSON, | D C No. _____ |
| Petitioner/Appellant, | To be inserted by Clerk of District Court |
| State of Alabama | Criminal Case Number: CC 96-086,087 |
| Plaintiff, | CC 96-088,089 |
| VS. | |
| Circuit Court Judge(s), | |
| Larry K. Anderson, and Charles W. Woodam, | |
| Defendant(s). | |

I HEREBY CERTIFY that I have this day served a copy of the foregoing on the following by placing a copy of the same in the U.S. Mail Box' of this Institution addressed to the Abbeville Circuit Court Clerk, ofor Henry County, Alabama, as service upon the Honorable Judge(s) Larry K. Anderson, and Charles W. Woodam, included service of the same upon the Attorney for the Respondent(s) on this 6th day of August, 2005, by placing the same in the U.S. Mail with postage prepaid and addressed as follows:

C L E R K: _____

Henry County Circuit Court
20th Judicial Circuit Court
Abbeville, Alabama 36310

*Omar Sharif Robinson*
Petitioner signature

28779 Nick Davis Road
Harvest, Alabama 35749