IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

OMAR SHARIF ROBINSON, #193 146 *

      Plaintiff,           *

        v.           * CIVIL ACTION NO. 1:05-CV-784-T
                            (WO)
CIRCUIT COURT JUDGES    *
LARRY K. ANDERSON and
CHARLES W. WOODHAM    *

      Defendants.     *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this petition for writ of mandamus on August 15, 2005 against the Honorable Larry Anderson and the Honorable Charles Woodham of the Circuit Court for Henry County, Alabama. Plaintiff requests that this court issue an order directing Defendants Anderson and/or Woodham to: (1) restore his Rule 32 petition to the docket and issue an appropriate order on his request to leave *in forma pauperis*; (2) conduct a hearing on the claims presented in his post-conviction petition; (3) file a proper ruling on the Rule 32 petition; and (4) vacate Petitioner's conviction and/or sentence, discharge him from custody, or order a new trial where the claims presented in the Rule 32 petition regarding his unlawful detention are proven true and correct. (Doc. No. 1.)

Upon review of the writ of mandamus, the court concludes that it lacks the authority

to grant the requested relief.

## DISCUSSION

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.,* 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.*

While the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts do not have jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this federal district court has no mandamus jurisdiction over the state employees and, therefore, lacks authority to compel them to perform the action that the plaintiff requests.

Thus, the court concludes that this action shall be dismissed for lack of jurisdiction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's petition for writ of mandamus be DISMISSED for lack of jurisdiction.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **21 September 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of September, 2005.

                    /s/ Vanzetta Penn McPherson
                    VANZETTA PENN MCPHERSON
                    UNITED STATES MAGISTRATE JUDGE