IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 OCT 12 A 9:37

OMAR SHARIF ROBINSON
AIS #193146

    Petitioner,

Vs.

CIVIL ACTION NO. 1:05-CV-784-T

CIRCUIT COURT JUDGES
LARRY K. ANDERSON and
CHARLES W. WOODHAM,

    Defendants.

MOTION FOR OBJECTION AND RECONSIDERATION OF
THE MAGISTRATE'S REPORT AND RECOMMENDATION

Comes now the Petitioner "Omar Sharif Robinson pro se as in the above entitle cause, and presents this Motion for Objection in respect to the Honorable Magistrate Judge's Report and Recommendation entered the 6th day of September, 2005, recommending Petitioner's writ of mandamus be dismissed as for lack of jurisdiction, and shows in support of this motion are as follows:

JURISDICTION

Jurisdiction in conferred upon by this Honorable court pursuant to Art. III § I et seg., U.S.C.A. CONST., Amend. 14th.
Accord **Will v. Calvert Fire Ins. Co.**, 57 L Ed.2d 504 Id *[437 U S at 677] (1978). **Andrews v. United States**, 10 L Ed.2d 383 Id *[373 U S at 338] (1963).

1

## OBJECTIONS

(I).   That the adopting of the Magistrate Judge's recommendation pursuant to its theory on lack of jurisdiction to review Petitioner's claim(s) claim(s) that mandate a clearly cognizable review under 28 U.S.C. §§ 2254, would constitute implied error by the Court's, and asserts the following in support.

## ARGUMENT IN SUPPORT OF OBJECTIONS

The Magistrate's contention that the now pending mandamus petition before this Honorable Court represents a exclusive civil action against the named judges thereto is in error, and it is evident from the face of the allegations in the petition that each individual claim relies squarely on habeas corpus relief, and where it is clearly revealed from the records that Petitioner has "exhausted remedies on each of those claims raises a Federal Question on law and facts, and at this instant the Reviewing Court should determine whether

> "It was precluded of obligation to look behind the label of a petition U.S. v. Jordan, 915 F.2d 622 at 624 Id [2] (11 th Cir. 1990)., and a review for jurisdiction of the reviewing court ." results in a view for exhausted, and unexhausted claims Moorish Science Temple of America, Inc. v. Smith, 693 F.2d 987 at 989 Id [4,5] (2 nd Cir. 1982).

The Petitioner presents this case pursuant to 28 U.S.C. § 2254, but the reviewing court construed it as a civil rights action, [t]hus .. for this court to final disposition on such theory would result in grave error; As a result, the existance of jurisdiction ordinarily

2

depends on the facts as they exist when the action is filed, and pendent subject matter jurisdiction cannot be based on federal question presented after action has been removed from state court [thus - [jurisdiction cannot be obtained retroactively.")

That the relief requested by the Petitioner, and the claim(s) viewed in the out-set of this action makes its difficult to believe any rational trier of facts would attemp to construe or exclussive imply . . . [thus that the Petition hereto is exclusive civil action against the named judge(s) for all purpose, and the all Writs Acts, which authorizes federal courts to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law, "thus ... does not enlarge federal [ courts' jurisdiction, § § 28 U.S.C.A [1651(a).

These facts confirms that "no" reasonable distinction between the forms of action, and ["t]hus - the District court is not precluded of review inregards to the label nor 'construing of claims for habeas corpus relief for which they represent.

Wherefore, the Petitioner has exhausted all available state remedies and the reviewing court should accept jurisdiction of the matter thereto, treating such as a writ of habeas corpus in respect to the issues therein, and procede to appropriate disposition as law and justice damands. Eg <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384 at 1386 Id [5](6th Cir. 1970).

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this <u>29 th</u> day of September, 2005, served a true and correct copy of the same upon the Counsel for the Respondent by placing the same in the U.S. Mail with postage prepaid and addressed as follows:

**ADDRESS OF COUNSEL**

**Office of Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130**

*Omar Sharif Robinson*
------
Petitioner's signature

Omar Sharif Robinson
28779 Nick Davis Road
Harvest, Alabama 35749

4