IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

OMAR SHARIF ROBINSON, #193 146    *

    Plaintiff,    *

v.    * CIVIL ACTION NO. 1:05-CV-784-T
   [WO]

LARRY K. ANDERSON, *et al.*,    *

    Defendants.    *

_____

**ORDER ON MOTION**

On October 12, 2005 Plaintiff filed objections to the court's September 6, 2005 Recommendation that his petition for writ of mandamus be dismissed for lack of jurisdiction. (Doc. No. 6.)  In his objections, Plaintiff asserts that the petition he filed with this court and the claims presented therein "rel[y] squarely on habeas corpus relief." (*Id.*)  In light of the foregoing, the court construes Plaintiff's objections to contain a Motion to Treat Petition for Writ of Mandamus as an Petition for Habeas Corpus Relief.  The motion shall be denied.

The court finds that Plaintiff does not have permission to file a successive habeas corpus petition with this court.  Plaintiff previously filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on January 26, 2000.  *See Robinson v. Dees*, Civil Action No. 1:00-83-A (M.D. Ala. 2001).  Plaintiff may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court

to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Because Plaintiff has not demonstrated that he has authorization to file a successive habeas corpus application with this court, the court may not construe the instant application as a petition filed under 28 U.S.C. § 2254.

Accordingly, it is ORDERED that Plaintiff's October 12, 2005 pleading, construed as containing a motion to treat Plaintiff's Motion for Writ of Mandamus as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 6), is DENIED.

Done this 13th day of October 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."