IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 NOV 30  A 9:2

OMAR SHARIF ROBINSON,

    petitioner/Appellant,                              CIVIL ACTION NO.: 1:05-cv-784-T

vs.

LARRY K. ANDERSON, et al.,

    Respondent/Appellee.

## MOTION FOR RECONSIDERATION

Comes now the Petitioner {"Omar S. Robinson, Pro se as in this above entitled proceeding, and petitions' this Honorable court on motion to reconsider, vacate, or modify its 'ORDER ON MOTION entered in this action on October 13th, 2005, denying Petitioner's 2254 Writ of Habeas Corpus, and asserts This Court's jurisdiction of the same pursuant to Rule 60 (a) Federal Rule of Civil Procedures, and in support of this request is as follows:

**DISPOSITION :**  the Petitioner has filed a Motion and Request for Leave to Appeal In Forma Pauperis in respect to this Honorable Court's denial of Petitioner' Habeas corpus petition in an order entered October 13th, 2005.

That subsequently to the Petitioner's request to appeal the Respondents' for the Trial Court has submitted a response which admits that its proceeding/disposition as entered on Petitioner's petition for post-conviction relief on February 4th, 2005, was or is otherwise not final - thus . . . implied "that its disposition fail to afford the Petitioner due process of adequate access to the courts.

1

Further, the Petitioner asserts that the lower court's proceeding should be found to be infirm where having failed to conduct an evidentiary hearing on the issue(s) at bar "which if proven, would entitle Petitioner to relief,

Wherefore, the Petitioner's contention is that: The theory of the case at bar "rest on the presumption of a Constitutional violation of equal protection in access to the courts, and relevant facts are in dispute which involves a "purely "legal question, and if proven, such would constitute substantial grounds for relief, In additional, the concept of adequate comprehension with respect to the exhibiting facts on the face of the petition presents a 'realistic possibility that an evidentiary hearing would make a different in the out come of this matter, therefore, with respect to the federal habeas corpus petitions which presented a Constitutional 'question in which federal courts were bound to decide in order to protect constitutional rights, steps should not be taken which **"DIMINISHED" the likelihood that federal courts would base their legal decision on an inaccurate statement of facts** Accord <u>Castille v. Peoples</u>, 103 L Ed.2d 380, 386 (1989).

[     The Petitioner believes that there are   ]
[substantial grounds for difference of opinion.   ]

## CONCLUSION

The petitioner asserts that the procedures therein constituted an erroneous application of clearly established authoritive Federal Law, and where such abuse of discretion is found by the reviewing court, ['t]hus ... probable cause on substantial claim(s) should be considered [" . . by this court whether such may be held in 'abeyance in respect to pending final disposition on judgement by the Trial court which was improper resulting in clerical errors, and with all due respect, this Honorable Court having jurisdiction if State -where State provides "post-conviction corrective process, the process must be invoked and relief denied before claim of denial of substantial federal rights may be entertained by federal court Jennings v. Ill, 96 L Ed 119 at 120-21 n. 2, 4 and 5] (1951).

Therefore, Petitioner asserts there is 'no other available remedy to persue His equal protection rights of access to the courts, wherefore, a evidentiary hearing should be held by the reviewing court or at the Trial court level, or proceed with an adequate remedy deems just and proper.

Cf Scott v. Estelle, 567 F. 2d 632 at 633 Id [1] (5]th 1978).

3

STATE OF ALABAMA        §§

COUNTY OF LIMESTONE     §§


I declare (or certify, verify, or state) under the penalty of perjury that the foregoung is true and correct.

EXECUTED ON NOVEMBER 23 rd, 2005,

Pursuant to 28 U.S.C. § 1746.

*Omar Sharif Roberson*
Petitioner's signature

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I have this <u>23 rd</u> day of <u>November</u>, 2005, served a true and correct copy of the foregoing motion upon all interested parties to this action by placing the same in the U.S. Mail Box of this institution with postage prepaid and addressed as follows:

<u>CLERK:</u>
HENRY COUNTY CIRCUIT COURT
LARRY K. ANDERSON ET AL
20 TH JUDICIAL CIRCUIT COURT
ABBEVILLE, ALABAMA 36310

<u>ADDRESS OF COUNSEL</u>
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130

_Omar Sharif Robinson_
Petitioner's signature

OMAR SHARIF ROBINSON
28779 Nick Davis Road
Harvest, Alabama 35749

5